966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wadgy CHARIF, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kamal CHARIF, Defendant-Appellant.
 Nos. 91-5839, 91-5840.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 7, 1992
Decided: June 2, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-445-A)
 Argued: Dorathea J. Peters, Peters & Mullins, Alexandria, Virginia, for Appellant Wadgy Charif; Caroline Currie Eaglin, Brown, Brown & Watkins, Alexandria, Virginia, for Appellant Kamal Charif.
 James L. Trump, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: Richard Cullen, United States Attorney, Liam O'Grady, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On December 5, 1990, indictments were returned in the United States District Court for the Eastern District of Virginia charging Appellants Wadgy Charif ("Wadgy") and Kamal Charif ("Kamal") with one count of conspiracy knowingly and intentionally to distribute one kilogram or more of a mixed substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1988). Both men were also indicted on a charge of knowingly obtaining United States visas for entry into the United States in violation of 18 U.S.C. § 1546(a) (1988).
 
 
 2
 Appellant Wadgy was additionally charged with four other counts of heroin distribution, and seven other counts of visa fraud. Three other co-conspirators were indicted but not tried at the same trial with the Appellants.
 
 
 3
 Trial was held in the district court on March 12, 13 and 14, 1991. Appellant Wadgy's motion for acquittal on the visa fraud counts was denied, as was Appellant Kamal's motion for directed verdict. Appellant Wadgy was granted a directed verdict on one count of heroin distribution. The jury returned a verdict finding Appellant Kamal guilty of the heroin conspiracy and visa fraud charges along with Wadgy. Wadgy was convicted of all conspiracy, distribution and fraud counts, save the one count of distribution for which he was granted a directed verdict.
 
 
 4
 On June 7, 1991, the district court sentenced Wadgy to 262 months for the conspiracy counts, sixty months for each of the four possession with intent counts (time to run concurrently with each other and with the 262 month sentence), and 24 months for each of the remaining counts (also to run concurrently). Kamal was sentenced to 292 months for the conspiracy conviction.
 
 
 5
 We find that there was sufficient evidence to withstand all challenges to the verdicts and sentences made by both appellants. Accordingly, we affirm the district court's verdicts and sentences on all grounds.
 
 AFFIRMED